**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| PT INSURANCE GROUP, LLC, | ) | Case No. 11 B 40116 |
| | ) | |
| Debtor. | ) | Honorable Pamela S. Hollis |
| | ) | |
| | ) | **Hearing Date:**     **August 16, 2012** |
| | ) | **Hearing Time:**     **10:30 a.m.** |
| | ) | **Courtroom:**     **644** |

**NOTICE OF HEARING ON FRANKGECKER LLP'S FIRST AND FINAL
APPLICATION FOR PROFESSIONAL COMPENSATION AND
<u>REIMBURSEMENT OF EXPENSES INCURRED AS COUNSEL TO THE DEBTOR</u>**

PLEASE TAKE NOTICE that on **Thursday, August 16, 2012, at 10:30 a.m.**, or as soon thereafter as counsel may be heard, we shall appear before the Honorable Pamela S. Hollis of the United States Bankruptcy Court for the Northern District of Illinois, or whomever may be sitting in her place and stead, in Courtroom 644, and then and there present **FrankGecker LLP's First and Final Application for Professional Compensation and Reimbursement of Expenses Incurred as Counsel to the Debtor**, a copy of which is attached hereto and hereby served upon you.

Dated:  July 17, 2012

                                                         Respectfully submitted,

                                                         FRANKGECKER LLP

                                                         By: */s/ Joseph D. Frank*
                                                              One of its attorneys

Joseph D. Frank (No. 6216085)
Jeremy C. Kleinman (No. 6270080)
FRANKGECKER LLP
325 North LaSalle Street, Suite 625
Chicago, Illinois  60654
Tel.:   (312) 276-1400
Fax:   (312) 276-0035
jfrank@fgllp.com
jkleinman@fgllp.com

{PTINSUR/001/00029697.DOC/}

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| PT INSURANCE GROUP, LLC, | ) | Case No. 11 B 40116 |
| | ) | |
| Debtor. | ) | Honorable Pamela S. Hollis |

**FRANKGECKER LLP'S FIRST AND FINAL APPLICATION**
**FOR PROFESSIONAL COMPENSATION AND**
**REIMBURSEMENT OF EXPENSES AS COUNSEL TO THE DEBTOR**

FrankGecker LLP ("FG"), counsel to PT Insurance Group, LLC ("Debtor"), hereby submits its first and final application (the "Application") pursuant to 11 U.S.C. §§ 330 and 507(a)(1) seeking compensation totaling $36,121.50 for legal services performed as counsel to the Debtor during the period of October 1, 2011 through and including July 16, 2012 (the "Application Period") and reimbursement of expenses totaling $613.25 incurred in connection with those services. In support of its Application, FG respectfully states as follows:

**INTRODUCTION**

On September 30, 2011 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code (11 U.S.C. § 101, *et seq.*) (the "Bankruptcy Code").

On November 15, 2011, this Court entered an order authorizing the Debtor to retain Joseph D. Frank and the professionals of FG as its counsel, retroactive to October 1, 2011 [Docket No. 19].

Throughout the Application Period, FG has assisted the Debtor in its efforts to navigate the requirements of the Bankruptcy Code, address its liabilities and confirm a chapter 11 plan of liquidation. These efforts have included:

- Assisting the Debtor to prepare and revise its schedules and statement of financial affairs;

- Examining strategic alternatives, including the potential for a going-concern sale and conferring with the Debtor as to case strategy;

- preparing representatives of the Debtor for, and attending, the initial debtor interview conducted by the office of the United States Trustee and the subsequent meeting of creditors pursuant to section 341 of the Bankruptcy Code;

- preparing and filing monthly summaries of cash disbursements and receipts;

- drafting, filing and presenting various motions before the Court;

- drafting the Debtor's Chapter 11 Plan of Liquidation (the "Plan"), under which unsecured creditors will be paid 100% of their claims, and the Debtor's Disclosure Statement in Support of its Chapter 11 Plan of Liquidation (the "Disclosure Statement");

- preparing for, and completing the combined hearing on the adequacy of the Disclosure Statement and confirmation of the Debtor's Plan.

To aid the Court in its review of this application, FG has divided this application into three parts. Part I describes the practical and legal issues encountered by FG, actions taken and results obtained by counsel. Part II describes the qualifications and areas of expertise of FG's attorneys. Part III describes the manner in which fees were calculated by FG's attorneys.

I. **SERVICES PERFORMED**

    A.  **Administration**        **$7,285.00**

FG spent 17.60 hours at a cost of $7,285.50 on issues relating to case administration. These tasks included preparing for and conducting the Debtor's initial and continued meetings of

creditors pursuant to section 341 of the Bankruptcy Code, communicating with the Debtor about case strategy, preparing and filing monthly summaries of cash receipts and disbursements, reviewing documents, filing and serving pleadings and performing other necessary administrative tasks.

      B.    **Asset and Liability Analysis**      **$7,285.00**

FG spent 17.60 hours at a cost of $7,285.00 on issues relating to analyzing the Debtor's assets and liabilities and reviewing documents relating thereto. Included in this category is the time spent by FG in connection with the preparation of the Debtor's schedules and statement of financial affairs and advising the Debtor throughout its case regarding its assets and liabilities. At the time of its bankruptcy filing, the Debtor was one of the defendants in an uncertified class action lawsuit regarding the alleged sending of an unsolicited "blast fax" advertisement. FG spent substantial amounts of time advising the Debtor regarding its various strategic alternatives with respect to its desire to resolve this contested litigation in the context of its chapter 11 case. Although those efforts did not lead to a consensual resolution of this disputed claim, the plaintiff in that litigation ultimately elected not to file a claim in the Debtor's case, eliminating the Debtor's potential liability, if any. During the Application Period, FG also spent time investigating options with respect to the Debtor's office equipment and furniture and advising the Debtor regarding its rights and responsibilities with respect to funds held in trust for insurance carriers and their beneficiaries, as required under Illinois law.

      C.    **Claims**      **$3,229.00**

FG spent 11.20 hours at a cost of $3,229.00 on issues relating to claims. These efforts included drafting and presenting a motion to set a bar date for the filing of claims and evaluating claims asserted against the Debtor.

    D.    **Court Appearances**    **$1,655.00**

FG spent 4.50 hours at a cost of $1,655.00 on court appearances. Time in this category includes time spent preparing for and attending status hearings, hearing on motions and the confirmation hearing.

    E.    **Fee and Retention Applications**    **$3,656.00**

FG spent 11.20 hours at a cost of $3,656.00 on activities relating to preparation of the retention application and this fee application. During the Application Period, FG prepared the Debtor's application to employ counsel and FG's First and Final Application for Professional Compensation and Reimbursement of Expenses Incurred as Counsel to the Debtor.

    F.    **Plan and Disclosure Statement**    **$12,478.00**

FG spent 31.60 hours at a cost of $12,478.00 on issues relating to the Debtor's plan and disclosure statement. These efforts included the drafting and review of the Debtor's Plan and Disclosure Statement and communications with the Debtor's personnel regarding the same. In addition, FG has included time in this category for preparing the appropriate notice regarding the hearing on confirmation of the Plan, preparation of the ballot report, and drafting the confirmation order.

## II.    PROFESSIONALS PROVIDING SERVICES TO THIS ESTATE

    A.    Joseph D. Frank (JDF) is a partner at FG. Mr. Frank graduated from the Univerty of Chicago Law School in 1993 with honors. Mr. Frank specializes in bankruptcy law and litigation and workouts, and has represented trustees, debtors, committees and creditors in bankruptcy cases throughout the country. Mr. Frank has supervised legal work with respect to all issues in the case.

    B.    Jeremy C. Kleinman (JCK) is a bankruptcy associate at FG. Mr. Kleinman graduated from the University of Michigan Law School in 1999 and served as law clerk to the

{PTINSUR/001/00029697.DOC/}

Honorable John D. Schwartz. Mr. Kleinman has taken the lead role with respect to most issues in the case.

  C. <u>Christina Carpenter (CC) is a paralegal at FG</u> specializing in bankruptcy. Ms. Carpenter provided administrative support.

| Timekeeper | Bar Date Admission | Hourly Rate | Hours Billed | Charges |
|---|---|---|---|---|
| Joseph D. Frank[1] | 1993 | $675.00 | 7.90 | $5,332.50 |
| Joseph D. Frank | - | $650.00 | 6.50 | $4,225.00 |
| Jeremy C. Kleinman | 1999 | $375.00 | 37.40 | $14,025.00 |
| Jeremy C. Kleinman | - | $350.00 | 28.70 | $10,045.00 |
| Christina Carpenter | Paralegal | $145.00 | 17.20 | $2,494.00 |
| **Total:** | | | **97.70** | **$36,121.50** |
| **Average Hourly Rate:** | | $ 369.72 | | |

### III. CALCULATION OF TIME AND FEES

This is FG's first and final application for compensation and reimbursement of expenses incurred as counsel to the Debtor. It covers the period from October 1, 2011 to and including July 16, 2012. All professional services for which compensation is requested herein, and all reimbursement for expenses incurred, have been for services directly related to this case and that were rendered for the benefit of the Debtor. No agreement or understanding exists between FG and any other person for the sharing of compensation received or to be received in connection with the case, other than as disclosed herein or authorized pursuant to 11 U.S.C. §§ 327, 328, 330 and 331.

In preparing this fee application, FG has calculated the amount of time spent by each attorney and paralegal in performing actual, necessary legal services for the Debtor, as shown on

---

[1] On January 1, 2012, FG performed its annual review and adjustment of customary hourly rates for each of its attorneys and paraprofessionals. At that time, Joseph D. Frank's hourly rate increased from $650.00 to $675.00 and Jeremy C. Kleinman's hourly rate increased from $350.00 to $375.00.

{PTINSUR/001/00029697.DOC/}

**Exhibit A** attached hereto. The data used came directly from computer records that are kept by FG for each of its clients. The hourly rates charged are the regular hourly rates charged by FG to its clients. FG has endeavored to avoid duplication of effort between parties, and in certain instances where more than one attorney billed for a specific task, there was a need for multiple attorneys' involvement or the time of one of the attorneys was voluntarily written off. This type of representation has been approved in analogous circumstances. *See Berberena v. Coler*, 753 F.2d 629 (7th Cir. 1985); *In re Washington Mfg. Co.*, 101 B.R. 944 (Bankr. M.D. Tenn. 1989); *In re N-Ren Corp.*, 71 B.R. 488 (Bankr. S.D. Ohio 1987).

The Application also includes out-of-pocket expenses incurred in the amount of $613.25, as itemized on **Exhibit B**. FG does not bill its clients or seek compensation in this Application for its overhead expenses, including word processing, in-house photocopying, facsimile transmissions, long distance telephone and legal research; instead, such expenses are factored into FG's normal and customary rates. However, FG does not include charges for postage, outside photocopying, messenger services or local transportation in its overhead because it has determined that it is fairer to FG's smaller clients who use proportionately less of these services to have these expenses billed separately. These charges fairly compensate FG for its actual costs and do not result in undue revenue for the firm. Moreover, FG's non-bankruptcy clients routinely are billed for and pay these types of expenses. *See In re Continental Securities Litigation*, 962 F.2d 566, 570 (7th Cir. 1992).

The expenses for which FG now seeks reimbursement are as follows:

| Type of Expense | Amount Incurred |
|---|---|
| Conference Calls | $106.30 |
| Messenger Delivery Charges | $16.56 |
| Outside Photocopy Services | $396.40 |
| Postage | $93.99 |
| **Total** | **$ 613.25** |

No compensation has been promised to FG other than as disclosed or as approved by this Court. FG certifies that there is no agreement between it and any other party regarding the sharing of fees except among FG's partners, and FG has not discussed or negotiated the amount of its fees with any party except its client. Finally, FG represents that it is and remains a disinterested party and does not hold any relationship adverse to this estate.

Prior to the Petition Date, FG received a retainer for services to be rendered to the Debtor in the amount of $20,000. Of this amount, $7,404.46 was applied prior to the Petition Date, with $12,595.54 remaining unapplied. FG proposes to apply this amount in partial satisfaction of fees approved pursuant to this Application.

WHEREFORE, FG respectfully requests that this Court enter an Order:

A.    Allowing FG reasonable compensation for actual, necessary legal services rendered during the Application Period, in the total amount of $36,121.50;

B.    Allowing FG reimbursement for actual, necessary expenses incurred during the Application Period in the total amount of $613.25;

C.    Authorizing FG to apply $12,595.54 of prepetition retainer funds to FG's allowed fees and expenses;

D.    Authorizing the Debtor to pay $24,139.21 to FG, representing 100% of the allowed compensation and expenses, minus the remaining amount of the prepetition retainer provided to FG, from the assets of the Debtor's estate; and

{PTINSUR/001/00029697.DOC/}

    E.    Granting such other relief as the Court deems just and equitable.

Dated: July 17, 2012　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　　　FRANKGECKER LLP


　　　　　　　　　　　　　　　　　　　　　　　　　By:　*/s/ Joseph D. Frank*
　　　　　　　　　　　　　　　　　　　　　　　　　　　　One of its attorneys


Joseph D. Frank (No. 6216085)
Jeremy C. Kleinman (No. 6270080)
FRANKGECKER LLP
325 North LaSalle Street
Suite 625
Chicago, Illinois  60654
Telephone:     (312) 276-1400
jfrank@fgllp.com
 jkleinman@fgllp.com

**CERTIFICATE OF SERVICE**

I, Joseph D. Frank, an attorney, hereby certify that on **July 17, 2012,** I caused a true and correct copy of the foregoing **Notice of Hearing** and **FrankGecker LLP's First and Final Application for Professional Compensation and Reimbursement of Expenses as Counsel to the Debtor** to be filed electronically. Notice of the filing will be sent to all parties who are currently on the Court's Electronic Mail Notice List by operation of the Court's Electronic Filing System. In addition, copies were served this day upon the parties listed on the attached Service List via first class U.S. mail, postage prepaid, or as otherwise indicated.

*/s/ Joseph D. Frank*

# Mailing Information for Case 11-40116

## Electronic Mail Notice List

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- Joseph D Frank    jfrank@fgllp.com, ccarpenter@fgllp.com;knewman@menterlaw.com;jkleinman@fgllp.com
- Steven A Ginther    ndilecf@dor.mo.gov
- Jeremy C Kleinman    jkleinman@fgllp.com, ccarpenter@fgllp.com
- Patrick S Layng    USTPRegion11.ES.ECF@usdoj.gov

## **SERVICE LIST**

*In re PT Insurance Group,* **Case No. 11 B 40116**

MILLER INSURANCE SERVICES LIMITED
Dawson House
5 Jewry Street
London EC3N 2PJ
UNITED KINGDOM

Patrick Parrington, CPCU, ARE
Senior Program Manager
IVANTAGE SELECT AGENCY INC.
2775 Sanders Road, Suite B6
Northbrook, Illinois  60062

MISSOURI DEPARTMENT OF REVENUE
Harry S. Truman Building
301 West High Street
Jefferson City, Missouri  65101

MICHIGAN DEPARTMENT OF TREASURY
Lansing, Michigan  48922

AT&T
P.O. Box 8100
Aurora, Illinois  60507

Steven H. Mileski
400 Ayrshire Lane
Inverness, Illinois  60067

INTERNAL REVENUE SERVICE
Mail Stop 5010 CH
230 South Dearborn Street
Chicago, Illinois  60604

ILLINOIS DEPARTMENT OF REVENUE
101 West Jefferson Street
Springfield, Illinois  62702

PT FINANCIAL LLC
500 West Madison Street, Suiite 350
Chicago, Illinois  60661

INDIANA DEPARTMENT OF REVENUE
100 North Senate Avenue
Room N 105
Indianapolis, Indiana  46204

Jerry Zerzen, *et al.*
c/o Brian J. Wanca
ANDERSON & WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, Illinois  60008

Treasurer, State of Ohio
30 East Broad Street
9th Floor
Columbus, Ohio  4321

COM ED
P.O. Box 16981 30069
Seattle, Washington  98124

COM ED
P.O. Box 39069
Seattle, WA  98124

William J. Hill
219 South Erie
Wheaton, Illinois  60187

Associate Area Counsel, SB/SE
200 West Adams Street
Suite 2300
Chicago, Illinois  60606

Department of the Treasury
INTERNAL REVENUE SERVICE
P.O. Box 7346
Philadelphia, Pennsylvania  19101-7346