IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| PT INSURANCE GROUP, LLC, | ) | Case No. 11 B 40116 |
| | ) | |
| Debtor. | ) | Honorable Pamela S. Hollis |
| | ) | |
| | ) | **Hearing Date:**    **February 5, 2013** |
| | ) | **Hearing Time:**    **10:00 a.m.** |
| | ) | **Court Room:**    **644** |

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on **Tuesday, February 5, 2013, at 10:00 a.m.**, or as soon thereafter as counsel may be heard, we shall appear before the Honorable Pamela S. Hollis of the United States Bankruptcy Court for the Northern District of Illinois, 219 South Dearborn Street, Courtroom 644, Chicago, Illinois, or whomever may be sitting in her place and stead, and then and there present the **Debtor's Motion for Entry of a Final Decree**, a copy of which is attached hereto and hereby served upon you.

Dated: January 14, 2013                       Respectfully submitted,

                                                 PT INSURANCE GROUP, LLC

                                                 By:   /s/ *Jeremy C. Kleinman*
                                                        One of its attorneys

Joseph D. Frank (IL No. 6216085)
Jeremy C. Kleinman (IL No. 6270080)
FRANKGECKER LLP
325 North LaSalle Street, Suite 625
Chicago, Illinois 60654
Telephone:    (312) 276-1400
Facsimile:     (312) 276-0035

{PTINSUR/001/00033370.DOC/}

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| PT INSURANCE GROUP, LLC, | ) | Case No. 11 B 40116 |
| | ) | |
| Debtor. | ) | Honorable Pamela S. Hollis |
| | ) | |

### DEBTOR'S MOTION FOR ENTRY OF A FINAL DECREE

PT Insurance Group, LLC (the "Debtor") by its attorneys, pursuant to 11 U.S.C. § 350(a), Rule 3022 of the Federal Rules of Bankruptcy Procedure, and Local Bankruptcy Rule 3022-1, hereby requests entry of a final decree closing the Debtor's chapter 11 bankruptcy case. In support of this motion (the "Motion"), the Debtor respectfully states as follows.

### Jurisdiction

1. This Court has jurisdiction over this motion pursuant to 11 U.S.C. § 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O).

2. The statutory predicates for the relief requested herein are section 350 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rule 3022 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), and Rule 3022-1 of the Local Rules of the United States Bankruptcy Court for the Northern District of Illinois (the "Local Rules").

### Background

1. On September 30, 2011 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of Title 11 of the United States Bankruptcy Code (the

"Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division (the "Bankruptcy Court").

2. No trustee or committee was appointed in the Debtor's chapter 11 bankruptcy case (the "Case") and, at all times, the Debtor remained a debtor in possession with the rights and powers of a trustee pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3. As of the Petition Date, the Debtor operated an insurance brokerage business, serving as a managing general agent, and selling policies on behalf of several insurance companies of varying size. In the early months of 2011, the Debtor suffered a substantial loss of business and revenue from its largest customer. The loss of this business, coupled with the strong economic downturn taking place at that time, had a profound impact on the volume of the Debtor's sales, its profitability and its ability to continue to operate.

4. In addition, prior to the Petition Date, the Debtor was named as a defendant in litigation then pending in the Circuit Court of Cook County, Illinois, captioned *Jerry Zersen v. PT Insurance Group, LLC d/b/a Performance Insurance Group, et al.*, Case No 2009 CH 15481 (the "Zersen Litigation"). In the Zersen Litigation, Jerry Zersen sought to serve as the named plaintiff for a class of putative claimants asserting claims regarding the alleged sending of a single unsolicited facsimile message in violation of the Federal Telephone Consumer Protection Act.

5. Having lost substantial business from its largest customer, facing a depressed market with shrinking margins and risking significant potential liabilities in the Zersen Litigation, the Debtor faced difficulty continuing to operate. As a result, the Debtor sought bankruptcy protection under chapter 11 of the Bankruptcy Code.

6. On April 17, 2012, the Debtor filed the Chapter 11 Plan of Liquidation, dated April 17, 2012 (the "Plan") and the Debtor's Disclosure Statement in Support of its Chapter 11 Plan of Liquidation (the "Disclosure Statement").

7. Under the Plan, administrative expense claims ("Administrative Claims") and priority tax claims, remain unclassified as required by section 1123(a)(1) of the Bankruptcy Code (the "Unclassified Priority Claims").  The Plan classified remaining claims and equity interests into four classes:  Class 1 - claims entitled to priority pursuant to subsections 503(a)(3)-(a)(7) of the Bankruptcy Code ("Other Priority Claims"); Class 2 - secured claims against the Debtor's estate ("Secured Claims"); Class 3 - general unsecured claims against the Debtor's estate ("General Unsecured Claims"); and Class 4 - equity interests in the Debtor ("Equity Interests").

8. On June 7, 2012, the Bankruptcy Court conducted a combined hearing on the adequacy of the Disclosure Statement and confirmation of the Plan.  At the conclusion of the hearing, the Bankruptcy Court approved the adequacy of the Disclosure Statement and announced that it would enter an appropriate order confirming the Plan.

9. On June 19, 2009 (the "Confirmation Date"), the Bankruptcy Court entered an order confirming the Plan.  Under the Plan, the Debtor's remaining assets were liquidated to make distributions to creditors.  The Plan became effective on July 5, 2012 (the "Effective Date").

10. Pursuant to the Plan, on and after the Effective Date:  the Debtor made the distributions required under the Plan.  The current status of payments due to each class under the Plan is as follows:

| **Class** | **Type of Claim** | **Status** |
| --- | --- | --- |
|  | Administrative Claims | All allowed Administrative Claims have been paid in full, in cash, or in accordance with the ordinary course of business during the |

| **Class** | **Type of Claim** | **Status** |
|---|---|---|
| | | pendency of the Case, except as agreed upon by the claimant and the Debtor. |
| | Unclassified Priority Claims | Any and all allowed Unclassified Priority Claims have been paid in full by the Debtor. |
| 1 | Other Priority Claims | Any and all allowed Other Priority Claims have been paid in full by the Debtor. |
| 2 | Secured Claims | Any and all allowed Secured Claims have been paid in full by the Debtor. |
| 3 | General Unsecured Claims | Any and all allowed General Unsecured Claims have been paid in full by the Debtor. |
| 4 | Equity Interests | All Equity Interests in the Debtor were cancelled as of the Effective Date. |

11. As of the filing of this Motion, the Debtor has liquidated all valuable assets of its estate, resolved all pending claims against the Debtor's estate, and expects to soon complete the final distributions contemplated by the Plan. The Debtor has undertaken a good-faith effort to locate and ascertain the address of any Claimholder from whom prior correspondence was returned undelivered.

## **Relief Requested**

12. By this Motion, the Debtor seeks entry of a final decree, substantially in the form attached hereto as Exhibit A, closing the Case, (the "Final Decree").

## **Basis for Relief Requested**

13. Section 350(a) of the Bankruptcy Code provides that after an estate is fully administered "the court shall close the case." Rule 3022 of the Federal Rules of Bankruptcy Procedure provides that "[a]fter an estate is fully administered in a chapter 11 reorganization

case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case."

15. Although the phrase "fully administered" is not defined by the Bankruptcy Code, courts generally look to the following factors in deciding whether to issue a final decree:

> (1) whether the order confirming the plan has become final;
>
> (2) whether deposits required by the plan have been distributed;
>
> (3) whether the property proposed by the plan to be transferred has been transferred;
>
> (4) whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan;
>
> (5) whether payments under the plan have commenced; and
>
> (6) whether all motions, contested matters, and adversary proceedings have been fully resolved.

Fed. R. Bankr. P. 3022, Advisory Comm. Note (1991); *In re JMP-Newcor International, Inc.*, 225 B.R. 462, 465 (Bankr. N.D. Ill. 1998).

15. The Case has been "fully administered" within the meaning of Section 350 of the Bankruptcy Code, making it appropriate for the Court to enter a final decree closing the Case. Specifically, all valuable assets of the Debtor's estate have been fully liquidated, all claims filed against the Debtor's estate have been resolved, payments required to be made pursuant to the Plan have been made or provisions have been made for their payment, the Confirmation Order is final and nonappealable, and there are no pending motions, contested matters, or adversary proceedings. In addition, all outstanding fees due to the Office of the United States Trustee, pursuant to 28 U.S.C. § 1930, have been or will be paid.

16. Therefore, because the Case is "fully administered," it is fair and equitable and in the best interests of the Debtor's estate that this Court enter the Final Decree closing the Case.

## Notice

17. At least 21 days' notice of this Motion has been provided to the Office of the United States Trustee and the parties listed on the attached Service List. The Debtor believes no further notice is required.

WHEREFORE, the Debtor respectfully requests that the Court enter a final decree closing the Case and granting such further relief as is just.

Dated: January 14, 2013                                     Respectfully submitted,

                                                            PT INSURANCE GROUP, LLC


                                                            By:    /s/ *Jeremy C. Kleinman*
                                                                   One of its attorneys

Joseph D. Frank (IL No. 6216085)
Jeremy C. Kleinman (IL No. 6270080)
FRANKGECKER LLP
325 North LaSalle Street
Suite 625
Chicago, Illinois  60654
Telephone:    (312) 276-1400
Facsimile:    (312) 276-0035

## CERTIFICATE OF SERVICE

I, Jeremy C. Kleinman, an attorney, hereby certify that on **January 14, 2013**, I caused a true and correct copy of the foregoing **Debtor's Motion for Entry of a Final Decree** to be filed electronically.  Notice of the filing will be sent to all parties who are currently on the Court's Electronic Mail Notice List by operation of the Court's Electronic Filing System.  In addition, copies were served this day upon the parties listed on the attached Service List via First Class United States Mail, postage prepaid, or as otherwise indicated.


/s/ Joseph D. Frank

# Mailing Information for Case 11-40116

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- Joseph D Frank     jfrank@fgllp.com, ccarpenter@fgllp.com;knewman@menterlaw.com;jkleinman@fgllp.com
- Steven A Ginther     ndilecf@dor.mo.gov
- Jeremy C Kleinman     jkleinman@fgllp.com, ccarpenter@fgllp.com
- Patrick S Layng     USTPRegion11.ES.ECF@usdoj.gov

# SERVICE LIST

## *In re PT Insurance Group, LLC,* Case No. 11 B 40116

<u>VIA AIR MAIL</u>

MILLER INSURANCE SERVICES LIMITED
Dawson House
5 Jewry Street
London EC3N 2PJ
UNITED KINGDOM

INDIANA DEPARTMENT OF REVENUE
100 North Senate Avenue
Room N 105
Indianapolis, Indiana 46204

Patrick Parrington, CPCU, ARE
Senior Program Manager
IVANTAGE SELECT AGENCY INC.
2775 Sanders Road, Suite B6
Northbrook, Illinois 60062

Jerry Zerzen, *et al.*
c/o Brian J. Wanca
ANDERSON & WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, Illinois 60008

MISSOURI DEPARTMENT OF REVENUE
Harry S. Truman Building
301 West High Street
Jefferson City, Missouri 65101

Treasurer, State of Ohio
30 East Broad Street
9th Floor
Columbus, Ohio 4321

MICHIGAN DEPARTMENT OF TREASURY
Lansing, Michigan 48922

COM ED
P.O. Box 16981 30069
Seattle, Washington 98124

AT&T
P.O. Box 8100
Aurora, Illinois 60507

COM ED
P.O. Box 39069
Seattle, Washington 98124

Steven H. Mileski
400 Ayrshire Lane
Inverness, Illinois 60067

William J. Hill
219 South Erie
Wheaton, Illinois 60187

INTERNAL REVENUE SERVICE
Mail Stop 5010 CH
230 South Dearborn Street
Chicago, Illinois 60604

Associate Area Counsel, SB/SE
200 West Adams Street
Suite 2300
Chicago, Illinois 60606

ILLINOIS DEPARTMENT OF REVENUE
101 West Jefferson Street
Springfield, Illinois 62702

Department of the Treasury
INTERNAL REVENUE SERVICE
P.O. Box 7346
Philadelphia, Pennsylvania 19101-7346

PT FINANCIAL LLC
500 West Madison Street, Suite 350
Chicago, Illinois 60661